# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Dale Heffron, Heffron Properties, LLC,
and Heffron Properties-Willmar, LLC,

        Plaintiffs,                       **MEMORANDUM OPINION
                                                            AND ORDER**
v.                                                     Civil No. 08-5194 ADM/AJB

Burlington Northern and Santa Fe Railway
Company and Herbert Beam,

        Defendants.

_____

Mark R. Bradford, Esq., Bassford Remele, PA, Minneapolis, MN, argued on behalf of Plaintiffs.

Glenn Olander-Quamme, Esq., Spence, Ricke, Sweeney & Gernes, PA, St. Paul, MN, argued on behalf of Defendants.

_____

## I.  INTRODUCTION

On December 4, 2008, the undersigned United States District Judge heard oral argument on Plaintiffs Dale Heffron ("Heffron"); Heffron Properties, LLC; and Heffron Properties-Willmar, LLC's (collective "Plaintiffs") Motion to Remand [Docket No. 6]. For the reasons set forth below, Plaintiffs' motion is granted and the matter is remanded to state court.

## II.  BACKGROUND[1]

Heffron is a resident of Minnesota, and Heffron Properties, LLC and Heffron Properties-Willmar, LLC are Minnesota corporations. Notice of Removal [Docket No. 1], Attach. 1 (Compl.) ¶¶ 1-3. Defendant Burlington Northern and Santa Fe Railway Company ("BNSF") is a Texas corporation, and Defendant Herbert Beam ("Beam") is a Minnesota resident and an

---

[1] In considering a motion to remand, "[t]he allegations of the complaint as set forth at the time the petition for removal was filed are controlling." Crosby v. Paul Hardeman, Inc., 414 F.2d 1, 3 (8th Cir. 1969) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939)).

employee of BNSF.  Id. ¶¶ 4-5.

In December 2006, Beam contacted Heffron to discuss a potential business opportunity. Beam informed Heffron that BNSF was interested in lodging arrangements at a location closer to the Willmar, Minnesota terminal than the company's existing arrangements for its employees temporarily stationed there.  Id. ¶ 6.  Beam told Heffron that BNSF hoped to reduce the costs of transporting its employees between the terminal and the lodging facility.  Id.  Beam showed Heffron one particular building on West Benson Avenue located very near the parking lot for BNSF's Willmar terminal.  Heffron Decl. [Docket No. 10] ¶ 4.  Beam felt the building would be ideal for BNSF's needs, and he encouraged Heffron to buy it.  Id. ¶ 5.  If Heffron purchased and renovated the West Benson building to BNSF's specifications, Beam said, BNSF would enter into a long-term lodging contract.  Id. ¶ 6.  Also, Beam introduced Heffron to other representatives of BNSF on two separate occasions who, like Beam, stated that if Heffron purchased and renovated the West Benson building, BNSF would enter into a "long-term lease agreement."  Id. ¶ 9.  Heffron claims that Beam never disclosed that he lacked authority to bind BNSF or to make any promises on BNSF's behalf regarding lodging arrangements for BNSF employees in Willmar.  Id. ¶ 8.

During the course of their discussions, Beam told Heffron that approximately one-third of his annual bonus from BNSF was based on his ability to produce cost savings for the railroad. Id. ¶ 7.  Heffron alleges that Beam presented information to him suggesting that BNSF would save "tens of thousands of dollars" by lodging its employees at the West Benson building.  Id.

Heffron ultimately decided to pursue the project by seeking bank financing to purchase the West Benson building.  Compl. ¶ 18.  To assist him, BNSF agreed to provide an executed

copy of a lodging agreement to give assurance to the bank regarding its financing of the project. Heffron Decl. Ex. B. Heffron obtained financing from the bank and, on October 15, 2007, purchased the West Benson building. Compl. ¶ 20; Heffron Decl. ¶ 10. Heffron completed renovations in April 2008, but BNSF refused to enter into a formal lodging agreement and refused to use the West Benson property for its lodging needs. Compl. ¶¶ 23-24; Heffron Decl. ¶¶ 10-11.

Plaintiffs commenced this action in state court on August 22, 2008, asserting claims of breach of contract, promissory estoppel, tortious interference with prospective economic advantage, and misrepresentation against BNSF. Compl ¶¶ 25-48. Additionally, Plaintiffs asserted a claim of negligence against Beam. Id. ¶¶ 49-53. BNSF and Beam (collectively "Defendants") removed the matter to this Court, asserting diversity of citizenship under 28 U.S.C. § 1332(a). Plaintiffs now move to remand the matter back to state court.

### III.  DISCUSSION

**A.  Motion to Remand Standard**

A case shall be remanded back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. See In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). When considering a motion to remand, a court must resolve all doubts about federal jurisdiction in favor of remand. See id.

**B.    Fraudulent Joinder**

Under § 1332(a), federal subject matter jurisdiction on the basis of diversity of citizenship exists when there is both an amount in controversy greater than $75,000 and "complete diversity of citizenship," meaning that none of the defendants holds citizenship in a state where any plaintiff holds citizenship.  See Capitol Indem. Corp. v. Russellville Steel Co., Inc., 367 F.3d 831, 835 (8th Cir. 2004).  BNSF does not dispute that Beam and Plaintiffs are citizens of Minnesota and thus complete diversity is lacking.  Rather, BNSF argues that Plaintiffs "fraudulently joined Beam as a defendant for the purpose of attempting to defeat" complete diversity.  Defs.' Mem. in Opp'n to Pls.' Mot. to Remand [Docket No. 17] at 2.

Under the doctrine of fraudulent joinder, "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant" in an attempt to defeat complete diversity does not prevent removal.  Filla v. Norfold S. Ry. Co., 336 F.3d 806, 806 (8th Cir. 2003); Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983).  In determining whether a non-diverse defendant has been fraudulently joined, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability [against the non-diverse defendant] based upon the facts involved."  Filla, 336 F.3d at 811.  "[I]f there is a 'colorable' cause of action—that is, if the state law might impose liability on the [non-diverse] defendant under the facts alleged—then there is no fraudulent joinder."  Id. at 810 (footnote omitted).  In other words, "if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent."  Id.

Plaintiffs claim that Beam had the authority to bind BNSF regarding lodging arrangements for BNSF employees in Willmar.  Pleading in the alternative, Plaintiffs assert that

if it is ultimately determined that Beam lacked such authority, then he breached a duty owed to Plaintiffs by failing to inform them that he lacked such authority.  Compl. ¶¶ 49-53.  Essentially, the claim against Beam, though not expressly labeled as such, is one for negligent misrepresentation by omission.  To establish such a claim, a plaintiff must show that the defendant has failed to communicate "certain information that the ordinary person in his or her position would have discovered or communicated."  Safeco Ins. Co. of Am. v. Dain Bosworth, Inc., 531 N.W.2d 867, 870 (Minn. Ct. App. 1995).  This duty of care arises when the defendant "suppl[ies] information for the guidance of others in the course of a transaction in which [he] has a pecuniary interest, or in the course of [his] business, profession or employment."  Id. at 870.

Here, Plaintiffs' Complaint alleges that Beam provided information for the guidance of Heffron regarding a proposed business transaction.  Specifically, Plaintiffs allege that Beam "advised" Heffron that BNSF would enter into a long-term lodging agreement with him if he purchased and renovated the West Benson building.  Compl. ¶¶ 6, 10-11.  Plaintiffs have also pleaded that Beam had a pecuniary interest by virtue of the allegations that (1) Beam's annual bonus from BNSF was based in part on his ability to produce costs savings for BNSF and (2) the proposed business arrangement between Heffron and BNSF would save BNSF "tens of thousands of dollars."  Thus, Plaintiffs have pleaded the prima facie elements of a negligent misrepresentation claim against Beam.  Defendants argue certain questions of law and fact will ultimately prove fatal to Plaintiffs' claim—namely, whether the relationship between Beam and Heffron was such that Beam owed Heffron a duty of care and whether Heffron's reliance on Beam's representations (or alleged omissions) regarding the extent of his authority to bind BNSF was "unjustifiable."  However, such "[d]oubtful questions of law and fact are both to be tried by

the court having jurisdiction; they are not to be determined in [a motion to remand]." Rhodes v. Dierks Lumber & Coal Co., 108 F.2d 846, 848 (8th Cir. 1940). The limited inquiry for the Court when considering an assertion of fraudulent joinder is whether Plaintiffs' have alleged a reasonable basis in fact and law to support their claim against Beam. Plaintiffs' claim satisfies this standard, and, therefore, the joinder of Beam was not fraudulent and the matter must be remanded to state court.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [Docket No. 6] is **GRANTED** and the action is accordingly **REMANDED** to Kandiyohi County District Court, pursuant to 28 U.S.C. § 1447(c).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


　　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 17, 2008.